# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRIS CARTY,** ) | |
|     Plaintiff ) | Civil Action No.: 7:12cv00028 |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **SGT. W. A. WRIGHT, et al.,** ) | By: Pamela Meade Sargent |
|     Defendants. ) | United States Magistrate Judge |

The pro se plaintiff, Chris Carty, is an inmate at Red Onion State Prison, ("ROSP"). This case is before the court on the plaintiff's Motion for A Temporary Restraining Order & A Preliminary Injunction, (Docket Item No. 50), ("Motion"), seeking injunctive relief ordering that defendant D. Tate be prohibited from any contact with Carty and that Carty be moved to another state prison. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

Carty brings this civil rights action against two Virginia Department of Corrections, ("VDOC"), officers, Sgt. W.A. Wright and Lt. D. Tate. In his sworn Complaint, (Docket Item No. 1) ("Complaint"), Carty alleged that, on September 21, 2011, he was escorted to the C-3 sally port at ROSP to be placed in ambulatory restraints. Carty alleged that two unnamed correctional officers held him while Sgt. Wright conducted a body cavity search upon him. He also alleged that, after being

-1-

placed in ambulatory restraints, Wright made harassing sexual comments and gestures to him and sexually assaulted him by touching his buttocks. Carty also alleged that Tate video recorded the entire incident and, therefore, Tate witnessed Wright's actions and failed to intervene to protect him.

In the Motion, Carty seeks injunctive relief against three persons who are not defendants in this action. Carty seeks injunctive relief against ROSP Assistant Warden J. Kiser, Warden R. C. Mathena and VDOC Director H.W. Clarke. Carty seeks an injunction prohibiting Tate from having any further contact with him and requiring Carty's transfer from ROSP to another VDOC facility. In a Sworn Affidavit attached to the Motion, (Docket Item No. 50, Att. No. 1), Carty claimed that Tate and other correctional officers have retaliated against him for filing this action. In particular, Carty stated that he has been kept in segregation housing, denied legal materials from the law library, denied access to a notary public, denied telephone calls with his family and denied his medically ordered diet or denied food trays altogether.

## II. Analysis

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1992) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the

likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the actions; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 811-12).

Based on the information currently before the court, I find that Carty has failed to establish that the entry of a temporary restraining order or a preliminary injunction is appropriate. Insofar as Carty seeks injunctive relief against Kiser, Mathena and Clarke, these individuals are not before the court in this action. Therefore, any court order issued in this case at this time would not be enforceable against these individuals. *See* Fed. R. Civ. P. 65(d)(2). Insofar as Carty seeks entry of injunctive relief against defendants Tate and Wright, Carty has failed to demonstrate any likelihood of irreparable harm if the injunctive relief is denied. Carty also has failed to demonstrate any likelihood of success on this issue on the merits of the case. To be specific, Carty has not demonstrated that the two defendants sued in this case, Tate and Wright, can provide the relief requested. There is no evidence before the court showing that either Tate or Wright has the authority to order Carty transferred to another prison. Also, there is no evidence that either Tate or Wright has the authority to control Tate's work duties to ensure that he would have no further contact with Carty.

### PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Carty has failed to demonstrate any likelihood of irreparable harm if injunctive relief is denied;

2. Carty has failed to demonstrate any likelihood of success on this issue on the merits of the case; and

3. Carty has failed to demonstrate that the entry of a temporary injunction or preliminary injunction is appropriate.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 9th day of October, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE