# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRIS CARTY,** ) | |
| Plaintiff ) | Civil Action No.: 7:12cv00028 |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **SGT. W. A. WRIGHT, et al.,** ) | By: PAMELA MEADE SARGENT |
| Defendants. ) | United States Magistrate Judge |

Plaintiff, Chris Carty, an inmate incarcerated at Red Onion State Prison, ("ROSP"), in Pound, Virginia, filed this action pro se for monetary damages, as well as declaratory relief, under 42 U.S.C. § 1983 against Virginia Department of Corrections, ("VDOC"), officers Sgt. W. A. Wright and Lt. D. Tate. This case is before the undersigned magistrate judge on referral, pursuant to 28 U.S.C. § 636(b)(1)(B). A bench trial was scheduled to be held before the undersigned on December 13, 2012. Carty appeared at this trial *pro se*, but refused to present his case. Based on this and the evidence presented as outlined below, the undersigned finds that the defendant willfully refused to prosecute his claims, and, therefore, his claims against the defendants should be dismissed with prejudice.

On that date of trial, the case was called, and the court explained the procedure and its proposed schedule to counsel and the parties. When the court asked Carty if he was prepared to proceed, he answered that he was not. Carty then asked that the court continue the matter to allow for either the appointment of counsel or the assistance of another inmate versed in legal matters. The court

denied these requests based on the fact that the parties and witnesses were all present and prepared to proceed, the case presented a simple factual issue as to what occurred between the parties on the date in question and the defendant, based on his previous filings with the court, was capable of explaining his version of events to the court without representation.

Once the court explained that it was denying these motions, Carty's demeanor changed and he became almost noncommunicative with the court. The court asked Carty if he had any witnesses he wished to call to testify, and Carty replied that the only witness he intended to call was himself. When the deputy clerk attempted to administer the oath to Carty so that he might testify, he refused to either swear or affirm to testify truthfully. Carty stated only, "I don't understand." The court explained to Carty that unless he would swear or affirm to testify truthfully, the court would not allow him to offer testimony. The court further explained that unless he offered any evidence of his claims, the court would dismiss his claims against the officers with prejudice based on a failure to prosecute. Again, Carty stated, "I don't understand."

Defense counsel called two witnesses to testify regarding Carty's demeanor at trial. Both witnesses, Emily Dawn Adams, a licensed practical nurse at ROSP, and defendant Tate, testified that they had regular contact with Carty in their positions at ROSP and that his demeanor in court was not his normal demeanor. Adams testified that she was familiar with Carty's medical records and that Carty's only medications were taken for blood pressure and constipation. She further testified that neither of these medications should affect his mental acuity. She also testified that, as part of her medical duties at ROSP, she routinely would assess the

mental condition of inmates. Adams stated that based on her knowledge of Carty's medical records and her experiences with Carty, she had no reason to believe that he had any cognitive or mental health problems. She stated that based on her experience with Carty, he has been able to communicate with her and understand and follow instructions. Tate also testified that he has never experienced any problem with Carty communicating or being able to understand conversations. He stated that he had no knowledge of Carty having any cognitive or mental health problems. Tate further testified that based on his experience with Carty, his demeanor in court was only an act or a ploy to deceive the court.

In previous proceedings before the court, the court has reviewed video recordings of the incident at issue. In these recordings, Carty understands and follows the officers' instructions while being placed in ambulatory restraints. The video also shows a conversation between Carty and Tate in which Carty clearly communicates his concerns and intelligently responds to Tate's statements.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Based on the above, the undersigned finds that Carty has willfully refused to prosecute his claims against the defendants. The undersigned recommends that the court dismiss Carty's remaining claims against the defendants with prejudice.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 13th day of December, 2012.

/s/ Pamela Meade Sargent
UNITED STATES MAGISTRATE JUDGE